IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID C. JOHNSON                                                                PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:07cv719-HTW-LRA

COMMISSIONER CHRISTOPHER EPPS, ET AL                 DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 19th day of August, 2009, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. David C. Johnson [hereinafter "Plaintiff"] appeared *pro se,* and Defendant Commissioner Christopher Epps was represented by attorney Roger Googe, Office of the Attorney General of Mississippi.

The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This statute requires the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in the statute as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitates the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

## 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is incarcerated in the custody of the Mississippi Department of Corrections at the South Mississippi Correctional Institution, Leakesville, Mississippi. Plaintiff testified under oath regarding the circumstances which led to his filing of the Complaint.

According to Plaintiff's sworn testimony, the prison's barber is performing "illegal barbering" under state law, Miss. Code Section 73-5-1 through 73-5-43. The barber at the prison cuts one prisoner's hair with clippers and then turns around and cuts other prisoners' hair without cleaning or sanitizing the clippers. The Barbers' Exam Board is supposed to enforce its grooming standards, and the State is not exempt from the laws. Plaintiff has the option of cutting his hair himself with razors and a comb or using the prison barber. He has cut his own hair in the past year. The prison barber has "nicked" his scalp in the past, and these cuts have become inflamed. He knows of no disease he has contracted, but he may have contracted HIV and not yet test positive. Plaintiff requests that an injunction be entered against the barbershop and that they be forced to

2

get licensed barbers and to sanitize the shop and use sanitary procedures. He, and all the other inmates, are in danger of contracting deadly diseases due to the unsanitary conditions. He also asks for $5 million in actual damages and $5 in punitive damages. Plaintiff named the State Health Department and the American Correction Association and the Barbers Examination Board as "John Doe" defendants. However, he failed to state a claim upon which relief could be granted under Section 1983 against these entities, and process did not issue for these entities.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

Plaintiff has requested that he be appointed counsel to represent him in this cause. The Court heard the Plaintiff explain his allegations at the omnibus hearing and finds that he was articulate and clearly capable of explaining the facts of his case and his legal claims against Defendants. There is no automatic right to counsel in a §1983 action, and unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. **Cupit v. Jones**, 835 F.2d 82, 86 (5th Cir. 1987); **Branch v. Cole**, 686 F.2d 264, 266 (5th Cir. 1982). This Court has specifically considered (1) the type and complexity of this case; (2) whether the Plaintiff is capable of adequately presenting his case; (3) whether the Plaintiff is in a position to adequately investigate the case; and, (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. **Ulmer v. Chancellor**, 691 F.2d 209, 212-213 (5th Cir. 1982).

3

The undersigned has considered all of these factors and finds that this case is not exceptional and counsel shall not be appointed. Plaintiff's Motion to Appoint Counsel [38] is HEREBY DENIED.

Plaintiff filed a motion to include "Exhibit A" [#39] requesting that a first step response from Mrs. Tilley, head of ILAP, be considered. This motion is HEREBY GRANTED, and the exhibit shall be included in the record.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

### 3. TRIAL WITNESSES

Plaintiff has requested that the following persons be brought to trial to testify on his behalf:

1. JAMES STERN, #130001
2. ALEX DENHAM

If a trial is conducted in this cause, the above inmate witnesses will be brought to testify on his behalf, as long as they are still incarcerated in the custody of MDOC.

Plaintiff is advised that he may call any free world witnesses; however, it will be his responsibility to secure these witnesses at the trial of this cause. Or, upon the payment of a $40 witness fee, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued

for a free world witness.  The request should be made at least 14 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

### 4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's motion to appoint counsel [#38] is DENIED, and Plaintiff's motion to include exhibit [#39] is GRANTED.

2. Any motions, dispositive or non-dispositive, shall be filed on or before September 21, 2009.

SO ORDERED, this the 23rd day of July, 2009.

>  /s/ Linda R. Anderson
> UNITED STATES MAGISTRATE JUDGE